STEPHEN OWENS and JOSEPH STEVENS, appellants, *v.*
ERASTUS H. DERBY, appellee.

*Appeal from Hancock.*

Where an action of trespass is brought against two, and the evidence shows that
only one of the defendants is guilty, the proper course to be pursued by the de-
fendant against whom no offence is proved, is to move the Court to instruct the
jury to render a verdict in his favor, or that the jury can find one guilty
and acquit the other. It is not error for the Court, in such case, to refuse to
instruct the jury to find for the defendants as in case of a nonsuit. It is mani-
festly more discreet to leave the jury to decide on the nature of the conduct of
the defendants, and what participation each had in the acts charged in the
declaration.

THIS was an action of *trespass vi et armis* brought by Derby
against Owens and Stevens, in the Hancock Circuit Court. The
declaration contained four counts. The defendants pleaded sep-
arately. Owen pleaded *son assault demesne* as to the first two
counts, and the general issue as to the last two. Stevens pleaded
the general issue to the whole declaration. Issues were taken on
these pleas, and a trial had and verdict and judgment rendered for
the plaintiff for $150, at the September term, 1839. On the
trial the following bill of exceptions was taken : " Be it remem-
bered, that on the trial of this cause, the plaintiff, in support of his
case, offered the following evidence to the jury. That is to say,
he proved by the testimony of Bentley and Loftis, two of his
witnesses, that Stevens, one of the defendants, as constable, had
levied an execution upon some horses, among which was a gray
mare ; that he had advertised them for sale at Chili, a place in
said county ; that witnesses, who lived seven miles distant, went
in company with Derby, to Chili, at the day of sale, at which
time there was a trial of the right of property in the horses levied
on, — after which Stevens then sold the gray mare at public sale,
the defendant Owens becoming the purchaser, who, after the
sale, took the mare and tied her to a fence ; after which, the
plaintiff, Derby, in company with witnesses, took the mare and
rode past a store (where defendants among others were) on their
way home. Pursuit was made after plaintiff and witnesses by
several persons who were at the store, who overtook them at the
distance of two or three hundred yards from the store. A
great deal of noise was made by those pursuing, one of whom
seized the gray mare by the bridle, and another seized the bridle of
Loftis' horse ; that Loftis drew a loaded pistol, telling the pur-
suers to 'keep off,' as they were upon a public road ; that the
pistol was taken from Loftis, and discharged, after which defend-
ant Stevens came up, and struck Derby several times over the

head with the butt of a riding whip ; after this, Derby, Stevens, and the rest of the party returned to the store.

" Both of these witnesses testified that Owens was not among the persons pursuing Derby and witnesses, nor had he any hand or participation in the assault made by Stevens upon plaintiff.

" After the party had returned to the store, Derby remained some time there, and then started off, as witness believed, to get his whip. That Derby afterwards returned to the store, when some altercation took place between Derby and defendant, Owens, who pulled Derby from his horse, and struck him several blows, with his fist, upon his head and face ; the defendant Stevens not being present, nor in any way assisting in the assault made upon Derby by defendant Owens.

" No other material testimony in relation to said assaults was offered by plaintiff. After plaintiff had closed his testimony, the defendants, by their counsel, moved the Court to instruct the jury to find a verdict for defendants, as in case of nonsuit, which motion was overruled by the Court.

" The defendants then moved the Court to instruct the jury to find a verdict for the defendant, Stevens, as in case of a nonsuit, which motion was overruled by the Court. The defendants then moved the Court to instruct the jury to find a verdict for the defendant, Owens, as in case of a nonsuit, which motion was overruled by the Court.

" To which said several opinions and judgments of the Court, the defendants except, and pray this their bill of exceptions may be signed, sealed, and enrolled, and made a part of the records of this Court, which is accordingly done.

" Peter Lott. (Seal.)"

The defendants appealed to this Court.

Sidney H. Little and A. Williams, for the appellants, cited 3 Stark. Ev. 1441; 1 Chit. Plead. 77 ; Van Dusen *et al. v.* Van Slyck and Wife, 15 Johns. 222 ; Brown *et al. v.* Howard, 14 Johns. 119 ; 1 Saund. 207, n. 2 ; Buller's N. P. 285.

Cyrus Walker, for the appellee, cited 3 Stark. Ev. 1441, note [1].

Smith, Justice, delivered the opinion of the Court :

The only question presented in this case is the refusal of the Circuit Court to instruct the jury to find a verdict as in case of a nonsuit, as to both of the defendants, who are charged as joint trespassers in assaulting and beating Derby, who was plaintiff in the Circuit Court, and as to each separately, on a motion in behalf of each. From the evidence in the bill of exceptions, we think the motion was properly overruled. Whether the second assault by Owens was a continuance of the affray by Stevens, and

the whole so closely connected as to constitute but one joint action of the parties, in the scenes of violence disclosed by the evidence, was properly left to the jury. They were the judges of the facts disclosed by the testimony, and unless the acts of violence perpetrated by both on the person of Derby were wholly disconnected, and clearly so, it was manifestly more discreet to leave the jury to decide on the nature of the affray, and what participation the parties had in it, and whether they were jointly acting. By the verdict, the jury have found that they were joint trespassers, and we see no sufficient ground for disturbing the verdict and judgment.

The Circuit Court should doubtless have instructed the jury, (if the application had been made,) that they must be satisfied that the trespass was a joint one ; and explained what in contemplation of law would render it so, otherwise they were bound to render a verdict in favor of the plaintiff ; and if they considered the evidence established separate trespasses, then they might render a verdict against one and acquit the other. The counsel for the defendants clearly mistook the course which should have been pursued in the instructions asked.

*Judgment affirmed.*